## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of Florida |
|---|---|---|
| **Name** (under which you were convicted):<br>Isabel Roque | | Docket or Case No.:<br>11-20593-CR-MOORE |
| Place of Confinement:<br>Danbury FCI | | Prisoner No.:<br>97285-004 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (<u>Include</u> name under which you were convicted)<br><br>Isabel Roque |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Southern District of Florida

    (b) Criminal docket or case number (if you know):  11-20593-CR-MOORE

2. (a) Date of the judgment of conviction (if you know):  1/6/2012

    (b) Date of sentencing:  1/5/2012

3. Length of sentence:  57 Months incarceration

4. Nature of crime (all counts):

    (1) Conspiracy to commit health care fraud
    (2) Conspiracy to defraud the United States & to receive & pay health care kickbacks

5. (a) What was your plea? (Check one)

    (1)   Not guilty ☐          (2)   Guilty ☑          (3)   Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Guilty to Count 1 - conspiracy to commit health care fraud in violation of 18 U.S.C. 1349

6. If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ☑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

        Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:

         (2) Docket or case number (if you know):

         (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

My guilty plea was not knowing and voluntary

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Counsel affirmatively misadvised and otherwise completely failed to advise me with regard to the direct consequences of my guilty plea such that my plea was not knowing and voluntary:
(a) Counsel did not advise me concerning the meaning and effect of the "appellate waiver" contained in my plea agreement.  I mistakenly was advised that this was beneficial to me when in fact it could only harm me. Counsel did not explain that I was waiving the right to appeal all forms of sentencing error including but not limited to error based on sentencing me for the conduct of others and enhancements for sophisticated means and vulnerable victim which were not included in the plea agreement yet were included in the Presentence Investigation Report and successfully argued for by the government at sentencing.
(b) Counsel failed to explain my sentencing exposure under the sentencing guidelines. The specific applicable provisions of the sentencing guidelines were never explained as outlined in my plea agreement. I was never informed of the potential enhancements under the sentencing guidelines. Specifically, it was never explained that I could be enhanced two-levels for sophisticated means, and another two levels for vulnerable victim.  Counsel advised me that in the worst case scenario I would receive a sentence at the low end of level 21 (37 months) in accordance with the calculations set forth in the plea agreement.
(c) Counsel's explanation of the plea agreement led me to believe the government would not and could not seek sentencing enhancements beyond those in the plea agreement and that in any event additional sentencing enhancements did not apply.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

 Counsel was ineffective for failing to file and argue objections to the sentencing enhancements

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

 Counsel failed to timely object to sentencing enhancements for sophisticated means and vulnerable victim contained in the Presentence Investigation Report. Those enhancements were not supported by the evidence disclosed during discovery and in any event were legally inapplicable to me. Moreover, these enhancements were neither agreed to in nor contemplated by my plea agreement.

Page 7

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:


**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Counsel failed to object to the government's breach of the plea agreement or compel performance

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel failed to object to the government's breach of the plea agreement or alternatively file a motion compelling specific performance of the argument.  The government at sentencing affirmatively and successfully argued for enhancements based upon sophisticated means and vulnerable victim. My plea agreement made no reference to these enhancements and my understanding of the agreement was that the government agreed only to seek and/or argue for the sentencing factors contained in the agreement.  It also agreed not to seek or argue for any additional enhancements. Counsel failed to object to this breach either before or at sentencing or move for specific performance of the agreement. As a result, my sentence was at least 20 months highter than it would have been had the agreement not been breached by the application of these enhancements or if the agreement were specifically performed.

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

The plea agreement negotiated by counsel failed to obtain any benefit

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(a)  The only benefit conferred by the plea agreement is acceptance of responsibility which could have been received by pleading straight up to the indictment without waiving any appellate rights.  The plea agreement seemingly foreclosed the right to appeal virtually any procedural or substantive sentencing error committed by the judge.  Counsel failed to explain that by entering into the agreement, nothing was gained and appellate rights were forfeited and thus the plea agreement only conferred a benefit on the government.
(b) The plea agreement provided the Government with recourse should Ms. Roque breach the agreement but provided no comparable recourse to Ms. Roque in the event of the government's breach.
(c)  The prejudice resulting from the appellate waiver contained in the plea agreement is exacerbated by the fact that the government breached the plea agreement and counsel failed to object.

Page 10

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ✔

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:
 Oscar J. Estevez 2529 SW 8th St  Miami FL  33135
(c) At trial:

(d) At sentencing:
 Oscar J. Estevez, 2529 SW 8th St  Miami FL  33135

Page 12

(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☐

**Ground Five**

Counsel was ineffective in failing to seek either a downward departure from the guidelines or a downward variance based upon my unique family and personal issues including the fact that any significant period of incarceration would limit my ability to effectively care for my thirty year old mentally ill daughter.  Moreover, my absence from our home for any extended period of time would have a detrimental effect on my daughter's mental and emotional health.

**Ground Six**

Counsel was ineffective for failing to discuss my appellate rights and in failing to timely file a notice of appeal despite being requested to do so.

After sentencing I requested my attorney to try to appeal my 57 month sentence.  That sentence was significantly higher than the sentence counsel told me I would receive.  Counsel not only failed to file a notice of appeal to protect my appellate rights but in addition failed to explain to me what my appellate rights were or that I could file a notice of appeal pro se.

**Ground Seven**

The government breached the plea agreement by arguing in support of sentencing enhancements based upon sophisticated means and vulnerable victim which were not contained in nor contemplated by the plea agreement.

**Ground Eight**

Counsel was ineffective in failing to adequately advise me with respect to my efforts to cooperate with and provide substantial assistance to the government in connection with various investigations.

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

WHEREFORE, based on the claims stated herein, the movant, ISABEL ROQUE, respectfully asks that the Court grant relief under 28 U.S.C. § 2255 by (1) granting the opportunity to perfect and pursue an appeal of her sentence; (2) remanding for resentencing with the government being ordered to specifically perform in accordance with the terms of the plea agreement (3) vacating her conviction and sentence and/or remanding for resentencing and that the Court grant any other relief to which movant may be entitled.

Respectfully submitted,

LAW OFFICES OF JOHN E. BERGENDAHL
25 S.E. 2nd Avenue, Suite 1105
Miami, Florida 33131
Telephone No. (305) 536-2168
Facsimile No. (305) 536-2170
vaneri17@bellsouth.net


John E. Bergendahl
Florida Bar No. 327761
Counsel for Isabel Roque