UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 1:13-cv-20226-KMM

ISABEL ROQUE,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

### THE GOVERNMENT'S RESPONSE TO MOVANT ROQUE'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by and through its undersigned attorney, respectively submits this Response to Movant Isabel Roque's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion"). On January 22, 2013, Movant filed the 2255 Motion asserting that her guilty plea was not knowing and voluntary, that counsel did not advise her with regard to the direct consequences of her plea or waiver of her appeal rights, nor did he advise her of potential exposure under the sentencing guidelines. (1:13-cv-20226-KMM, Civil D.E. #1, p.4).

The Court should deny Movant's motion without an evidentiary hearing. The claim asserted by Movant falls within the scope of the waiver contained in her plea agreement, a plea agreement she in fact signed. (D.E. #26). Movant knowingly and voluntarily waived her right to challenge her conviction and sentence when she entered into a plea agreement. Movant's Motion, therefore, should be denied in its entirety without further hearing. (D.E. #26, ¶ 21).

1

## PROCEDURAL BACKGROUND

On August 30, 2011, a federal grand jury sitting in the Southern District of Florida returned a two-count indictment in Case No. 1:11-cr-20593-KMM, charging Roque with conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 1349 (Count 1), and with conspiracy to receive and pay health care kickbacks in violation of Title 18, United States Code, Section 371 (Count 2). (D.E. #3). The indictment also contained a forfeiture count. (D.E. #3).

On November 14, 2011, with the assistance of counsel, Roque entered into a plea agreement with the United States (the "Plea Agreement"). (D.E. #26). She agreed to plead guilty to Count 1 of the Indictment, and the United States agreed to seek dismissal of Count 2 of the Indictment after sentencing. (D.E. #26). Movant also provided this Court with, and signed, an Agreed Factual Basis for Guilty Plea (the "Factual Basis"). (D.E. #27). In the signed Factual Basis, Roque affirmed that she was pleading guilty "knowingly and voluntarily and because I am in fact guilty of the crime charged." (D.E. #27). Roque explicitly acknowledged that she had been a participant in a fraudulent health care scheme at American Therapeutic Corporation ("ATC") which resulted in fraudulent billings to Medicare totaling $3,878,925. (D.E. #27).

During a Change of Plea hearing before United States Magistrate Judge Edwin F. Torres, a complete plea colloquy was conducted, in accordance with Fed. R. Crim. P. 11. (D.E. #34). The court reviewed the plea agreement on the record, and Roque acknowledged that she agreed to and signed the plea agreement following its translation, as well as the factual proffer. (D.E. #34). The court reviewed the factual proffer on the record with Roque, who assented to the accuracy of the proffer. (D.E. #34). The government also announced the possible minimum and

maximum penalties in respect to the Information. (D.E. #34). Roque acknowledged that she understood these possible penalties, including the statutory maximum sentence of ten years imprisonment. (D.E. #34). The Court recommended that Roque be found to have freely and voluntarily entered into a guilty plea as to Count 1 of the Indictment, and that she be adjudicated guilty of the offense charged. (D.E. #34). A Report and Recommendation on Change of Plea (the "Plea Report") was filed by the Court on November 14, 2011. (D.E. #28). Though Roque and her attorney had fourteen days to file objections to the Plea Report, no such objections were filed.

On December 21, 2011, Senior U.S. Probation Officer Ricardo Garcia made available for disclosure a Presentence Investigation Report ("PSI Report") for Roque. As part of the offense level computation, the PSI Report recommended that the base offense level be increased by two levels pursuant to § 2B1.1(b)(9)(c), because the offense otherwise involved sophisticated means.

On January 5, 2012, Roque's sentencing hearing was held before United States District Judge K. Michael Moore. At the outset of the hearing, the Court confirmed with defense counsel that there were no objections filed to the presentence investigation report, to which defense counsel replied "[t]here were no objections." (D.E. #33, at 2). Defense counsel then asked for a three-level reduction for acceptance of responsibility, and the Government moved to grant the reduction, which resulted in a sentencing range of 57 to 71 months (D.E. #33, at 2-3). After this reduction, the Court asked, "are we in agreement?" to which defense counsel replied "[c]orrect Your Honor. Yes," and the Court noted, "[o]kay. That takes care of the guidelines." (D.E. #33, at 3). Defense counsel *did not* lodge any objection relevant to the matters address by Roque's present Motion. The Court next addressed Roque personally, and asked her "if there is anything she'd like to say on her own behalf before sentence is imposed," to which Roque responded in

the negative. (D.E. #33, at 3). During the hearing, a sidebar conversation took place during which defense counsel, counsel for government, and the Court addressed the issue of Roque's personal family situation. (D.E. #33, at 6-7). During this discussion, counsel for the government explained that the Government took "no position on the two separate enhancements for sophisticated means and for vulnerable victims." (D.E. #33, at 7).

On January 6, 2012, Roque was sentenced to a term of 57 months imprisonment, to be followed by a term of supervised release for 3 years. (D.E. #32). Roque was also assessed a criminal monetary penalty of $100 due immediately, and ordered to pay joint and several restitution in the total amount of $3,878,925 to the Centers for Medicare and Medicaid Services. (D.E. #32).

## LEGAL STANDARD FOR SECTION 2255 MOTIONS

Section 2255 motions are limited to situations where the sentence imposed violated the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence, or the sentence exceeded the maximum penalty prescribed by law. See 28 U.S.C. § 2255(a); see also Hill v. United States, 368 U.S. 424, 426-27 (1962). As the United States Supreme Court has consistently held, review of a judgment pursuant to Section 2255 is an extraordinary remedy and "will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

### Applicability of Valid Waiver

In Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit expressly recognized the validity of a defendant's waiver of the right to challenge a sentence in the context of a Section 2255 motion. In determining the enforceability of a waiver, the Court

must consider three factors: (1) whether the claim asserted falls within the scope of the waiver; (2) whether the waiver was made knowingly and voluntarily; and (3) whether enforcing the waiver would result in a miscarriage of justice. See Angarita v. United States, Nos. 09–20015–CIV, 07–20669–CR, 2010 U.S. Dist. LEXIS 73916, at *26 (S.D. Fla., May 24, 2010).

The Section 2255 movant bears the burden of establishing each of his claims by a preponderance of the evidence. See Tarver v. United States, 344 Fed. Appx. 581, 582 (11th Cir 2009). Most importantly, a hearing is not required "on patently frivolous claims or those which are based on unsupported generalizations." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979), cert. denied, 450 U.S. 934 (1981)).

There is a strong presumption that statements made during the plea colloquy are true, and, consequently, a defendant bears a heavy burden to show that his statements under oath were false. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). To that end, summary dismissal of a petitioner's allegations without evidentiary hearing is appropriate when those allegations, when viewed against the record of the plea hearing, are "palpably incredible," or "patently frivolous or false." Blackledge v. Allison, 431 U.S. 63, 76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). "

### Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v.

Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler, 218 F.3d at 1313.

"Judicial scrutiny of counsel's performance must be highly deferential," and courts "must avoid second-guessing counsel's performance." Id. at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and

6

that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. (quoting Strickland, 466 U.S. at 689-90).

## ARGUMENT

Roque's 2255 Motion should be denied in its entirety, without a hearing. Roque waived any right to challenge her sentence when she knowingly and voluntarily executed an explicit waiver in her Plea Agreement, which is binding and enforceable now. (D.E. #26, ¶ 21). Roque signed this Plea Agreement knowingly and voluntarily after consulting with her own counsel and certifying that she understood all her rights with respect to the Indictment pending against her. (D.E. # 26, at 12). It is manifestly clear from the record that Roque understood the significance of her Plea Agreement. And yet, Roque's present 2255 Motion nonetheless addresses the very matters she is barred from challenging.

### Roque's Waiver Remains Binding and Enforceable

Roque's waiver was made knowingly and voluntarily, the 2255 Motion now before this court falls within the scope of that waiver, and enforcing the waiver will not result in a miscarriage of justice. The plea agreement specifically states:

> "The defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed. [. . .] By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary. (D.E. #26, ¶ 21) (emphasis added).

As part of her November 14, 2011 Plea Hearing, Roque was sworn in and the judge went through the plea colloquy. Specifically, Roque affirmed under oath that she understood and acknowledged that the Court has the authority to impose any sentence within and up to the

7

statutory maximum authorized by law for the relevant offenses. (D.E. #34, at 7). She also confirmed that she understood the application of the sentencing guidelines, specifically that the sentence to be imposed is for the Court and only for the Court. (D.E. #34, at 7). Roque also confirmed her understanding that the Court has the authority to impose any sentence within and up to the statutory maximum for the offense she pled guilty to, and that she could not withdraw her plea solely as a result of the sentence imposed. (D.E. #34, at 7). Roque affirmed that she had reviewed the sentencing guidelines with her lawyer. (D.E. #34, at 7). Likewise, she affirmed her understanding that the Court must consider the sentencing guidelines, but the Court is not bound by them in rendering a final sentence. (D.E. #34, at 8). She also confirmed her understanding that any agreement of the parties or recommendations by the Government to the Court with regard to the sentencing is not binding on the Court, and the Court may disregard those recommendations in their entirety. (D.E. #34, at 12). Roque also confirmed that a possible consequence from a conviction on Count 1 was that the Court may impose a statutory term of imprisonment of up to ten years. (D.E. #34, at 9). Specifically, the Court asked if she understood that "if you were to be sentenced to a term of imprisonment or other penalty greater than you are now anticipating, based upon your own view or anticipation of what those guidelines would be, that if that happens you could not use that as a basis later to seek to withdraw your plea," to which she responded that she understood. (D.E. #34, at 9).

### Roque Did Not Demonstrate Ineffective Assistance of Counsel

Roque signed the Plea Agreement knowingly and voluntarily after consulting with her own counsel and certifying that she understood all her rights with respect to the Indictment pending against her. (D.E. # 26, at 12). Her Plea agreement addresses this, stating that "by signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set

8

forth in this agreement with her attorney." (D.E. #26, ¶ 21) Roque also acknowledged discussing the appeal waiver with her own attorney. (D.E. #34). Specifically, during the change of plea hearing, Roque was asked by the court whether she had "had a thorough opportunity to review [her] case with [her] lawyer," to which she responded "yes." (D.E. #34, at 5). She was also asked "are you satisfied with the level of representation you received from your lawyer in your case," to which she again responded, "yes." (D.E. #34, at 5). Roque confirmed that she had been advised of the rights she had under the matter, and still wished to enter into the plea agreement. Roque acknowledged under oath that she agreed to all the terms of the agreement prior to signing the plea agreement. Roque had ample opportunity to ask questions or raise objections regarding her plea, both to her lawyer and to the court, but she did not.

The <u>Strickland</u> benchmark for judging any claim of ineffective assistance of counsel, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the process cannot be relied on as having produced a just result. Simply stated, Roque's allegations to not meet the burden required under Strickland. As Roque was advised, it is the Court, not the attorneys, who make the ultimate sentencing decisions. No basis therefore has been stated for this Court to excuse Movant from the limitations of the Plea Agreement in the interests of justice.

By every measurable standard, the performance of Roque's counsel met the objective standard of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 687, 694. Roque stated, under oath, that she was satisfied with her attorney, and that she had no concerns about her representation. During her change of plea hearing, Roque affirmed to the court that she had been afforded a "thorough opportunity" to review her case with her attorney. (D.E. #34, at 5). Likewise, Roque affirmed that she had reviewed the sentencing guidelines with her lawyer.

(D.E. #34, at 7).   Roque entered into her plea agreement knowingly, voluntarily, and after consulting with her attorney.  There was no legal deficiency in her representation. Consequently, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

### Roque is Not Entitled to an Evidentiary Hearing on Her Motion

A court must conduct an evidentiary hearing on a motion under § 2255 "unless the motion and files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  However, no evidentiary hearing is required "on patently frivolous claims or those which are based on unsupported generalizations," such as those presented here.  Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979), cert. denied, 450 U.S. 934 (1981)).  Indeed, a hearing is unnecessary because Roque's allegations are conclusory, and her contentions are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Roque is not entitled to a hearing on her motion.

The Eleventh Circuit has held when a court "can conceive of a reasonable motivation for counsel's actions, [it] will deny a claim of ineffective assistance without an evidentiary hearing." Gordon v. United States, 518 F.3d 1291, 1302 (11th Cir. 2008). The petitioner carries the burden establishing the need for a hearing. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984); Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983).  Because the record conclusively shows that Roque's claims are without merit, this burden has not been met, and any request for a hearing should be denied.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Roque's § 2255 motion in its entirety, without a hearing.


Dated: May 3, 2013

                                                       Respectfully Submitted,

                                                       _____/s/_____
                                                     Anne P. McNamara
                                                   Trial Attorney
                                                   Court ID No. A5501847
                                                   United States Department of Justice
                                                   Criminal Division, Fraud Section
                                                   1400 New York Avenue, N.W.
                                                   Washington, D.C. 20530
                                                   Phone: (202) 304-2946
                                                   anne.mcnamara@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on May 3, 2013, I electronically filed and served with the Clerk of the Court using CM-ECF the foregoing Response of the Government to Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

                                                  Respectfully Submitted,

                                                  _____/s/_____
                                                  Anne P. McNamara
                                                  Trial Attorney
                                                  Court ID No. A5501847
                                                  United States Department of Justice
                                                  Criminal Division, Fraud Section
                                                  1400 New York Avenue, N.W.
                                                  Washington, D.C. 20530
                                                  Phone: (202) 304-2946
                                                  anne.mcnamara@usdoj.gov